UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,

        Plaintiff,

        v.                         Case No. 19-C-698

JENNIFER GRAHAM MUNAO,
LOUIS ANDREW MUNAO, JR., and
GENA M. FISCO,

        Defendants.

## DECISION AND ORDER

Plaintiff/Stakeholder Genworth Life and Annuity Insurance Company filed this interpleader action naming decedent Louis Munao, Sr.'s wife and two children from his first marriage as defendants due to their conflicting claims for the proceeds due under a life insurance policy issued by Genworth. Genworth is an insurance company organized under the laws of Virginia, with its principal place of business located in Virginia. Jennifer Graham Munao, Louis Munao, Jr., and Gena Fisco reside in and are citizens of Wisconsin. The face amount of the policy is $250,000. Thus, this court has jurisdiction under 28 U.S.C. § 1332. Presently before the court are the defendants' motions for declaratory judgment on their claims against the Policy. Specifically, both Louis Munao, Jr., and Gena Fisco seek a declaratory judgment finding that they are entitled to 100% of the proceeds, while Jennifer Graham Munao seeks a ruling that the proceeds are mixed martial property and should be divided between the three defendants. For the following reasons, Louis and Gena's motion will be granted and Jennifer's motion will be denied.

**BACKGROUND**

Louis Munao, Sr., and Diedre Munao were married on March 3, 1984, and had two children, Louis, Jr., and Gena. Louis, Jr., and Gena contend that Diedre Munao filed for divorce from Louis, Sr., in 2002. Diedre and Louis, Sr., agreed that, during the pendency of the divorce, Louis, Sr., would acquire a life insurance policy designating Gena and Louis, Jr., as the sole and irrevocable primary beneficiaries. Louis, Sr., submitted an application for a $250,000 life insurance policy to Genworth on April 3, 2003, designating his primary beneficiaries as Gena M. Munoa for 50% share and Louis Munoa, Jr., for 50% share. Dkt. No. 1-1 at 20. On June 11, 2003, Genworth issued the life insurance policy that is the subject of this action to Louis, Sr. The divorce action was dismissed but was later re-filed on December 2, 2003, in the Circuit Court of Door County, Wisconsin. *See In re the marriage of: Deidre Munao v. Louis Munao*, Case No. 03-FA-164. On July 21, 2004, Deidre and Louis, Sr., signed a Marital Settlement Agreement in the divorce action. Dkt. No. 1-1 at 67. Under Section V.A. of the Agreement, Louis, Sr., was required to "maintain in full force and pay the premiums on his policy of life insurance with a face amount of $250,000 on his life, with the parties' children named as sole and irrevocable primary beneficiaries until the youngest child reaches the age of majority, or until the youngest child has reached the age of nineteen so long as the child is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent." *Id.* at 71.

Louis, Sr., and Jennifer were married on September 10, 2006, and had two children. In the meantime, Louis, Jr., the youngest child of Louis, Sr.'s first marriage, was 18 years old when he graduated from high school in June 2009. Even though he was no longer required to do so under the divorce decree, Louis, Sr., continued to make premium payments on the life insurance policy after Louis, Jr., reached the age of majority. Gena and Louis, Jr., remained the sole beneficiaries of the Policy. Louis, Sr., died on February 19, 2019.

At the time of Louis, Sr.'s death, Gena and Louis, Jr., were the primary beneficiaries of record for the Policy, to each receive 50% of the Policy proceeds. On March 20, 2019, Jennifer submitted a completed Proof of Loss Claimant Statement to Genworth, seeking payment of half of the death benefit from the Policy as his surviving spouse. On March 25, 2019, Louis, Jr., submitted a completed Proof of Loss Claimant Statement to Genworth, seeking payment of the proceeds, and Gena submitted a completed Proof of Loss Claimant Statement to Genworth on April 11, 2019. Faced with these conflicting claims, Genworth commenced this interpleader action and moved to deposit the proceeds with the court and requested to be dismissed from the action. Having granted Genworth's motion, the court will proceed to the merits of the case.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The parties dispute their respective entitlement to the life insurance proceeds. Even though Louis, Jr., and Gena are named as the sole beneficiaries of the proceeds, Jennifer contends that a portion of the life insurance proceeds are martial property under Wis. Stat. § 766.61(3) and should be paid to her, the surviving spouse. Section 766.61 classifies the marital property component of life insurance policies and proceeds and provides that "[t]he ownership interest and proceeds of a policy issued before the determination date which designates the insured as the owner are mixed property if a premium on the policy is paid from marital property after the determination date, regardless of the classification of property used to pay premiums on that policy after the initial payment of a premium on it from marital property." Wis. Stat. § 766.61(3)(b). The marital property component of the ownership interest and proceeds is calculated by "multiplying the entire ownership interest and proceeds by a fraction, the numerator of which is the period during marriage that the policy was in effect after the date on which a premium was paid from marital property and the denominator of which is the entire period that the policy was in effect." *Id.* Genworth issued the life insurance policy to Louis, Sr., on June 11, 2003, and Jennifer and Louis, Sr., were married on September 10, 2006. Jennifer asserts that the premiums on the Policy were paid from marital property for a period of 149 months. Applying the statutory formula, Jennifer claims that 79% of the proceeds is marital property and she is therefore entitled to 50% of those proceeds, or $98,750.00.

Louis, Jr., and Gena claim that the policy proceeds are not subject to Wis. Stat. § 766.61(3)(b) because the exemption outlined in Wis. Stat. § 766.61(5) applies in this case. That exemption provides that "[t]he interest of a person as owner or beneficiary of a policy acquired under a decree or property settlement agreement incident to a prior marriage or to parenthood is not marital property, regardless of the classification of property used to pay premiums on that

4

policy." § 766.61(5). Louis, Jr., and Gena assert that they are entitled to 100% of the life insurance proceeds because Louis, Sr., acquired the policy as a condition of the marital settlement agreement and they acquired their interests as beneficiaries under the same marital settlement agreement.

Jennifer does not dispute that, as a condition of the Marital Settlement Agreement, Louis, Sr., was required to maintain a life insurance policy with a face amount of $250,000 on his life, naming Louis, Jr., and Gena as the sole beneficiaries. *See* Dkt. No. 1-1 at 71. Instead, she asserts that § 776.61(5) does not apply because the Marital Settlement Agreement only required Louis, Sr., to maintain the life insurance policy until Louis, Jr., reached the age of majority, which occurred in June 2009 when he graduated from high school. She relies on two cases, *Aetna Life Insurance Co. v. Hager*, 930 F. Supp. 343 (E.D. Wis. 1996), and *McDonah v. McDonah*, 359 Wis. 2d 676, 859 N.W.2d 629 (Ct. App. 2014), to support her proposition that the exemption does not apply once the beneficiaries reach the age of majority. These cases are distinguishable, however, because the courts in those cases did not discuss the applicability of § 766.61(5) to a dispute over life insurance proceeds. Instead, the courts in those cases addressed whether the decedent's children could obtain a constructive trust over their fathers' life insurance proceeds when he improperly removed his children as the beneficiaries.

In this case, Louis, Sr., maintained the life insurance policy pursuant to the marriage settlement agreement, and § 766.61(5) states that a life insurance policy is not marital property if the ownership or beneficiary interest is "acquired under a decree or property settlement agreement incident to a prior marriage . . . ." Jennifer argues that the § 766.61(5) exemption does not apply because the policy was not "acquired" under a divorce decree or marital settlement agreement. She points out that Louis, Sr., acquired the policy before the divorce. Relying on the plain

language of the statute, Jennifer contends that the policy must be considered mixed property since premiums were paid from marital property.

Although the policy was acquired by Louis, Sr., before the divorce, the fact that the divorce agreement required Louis, Sr., to maintain the policy in full force with the children named as beneficiaries until the youngest child reached the age of majority means that the children's legal interests as beneficiaries were acquired under the property settlement agreement that was incorporated into the divorce decree. To hold otherwise would remove any policy from the protection provided by the exemption that was already in effect at the time the policy was issued. Since many parents in such situations already have life insurance at the time of a divorce, the construction Jennifer advances would render the exemption ineffectual for many children and undermine the obvious intent of the statute. Wisconsin courts have insisted that a statutory provision be read "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *State ex rel. Kalal v. Cir. Ct. for Dane Cty.*, 2004 WI 58, ¶ 34, 315 Wis. 2d 293, 759 N.W.2d 571. In construing a statute, Wisconsin courts favor a construction that fulfills the purpose of the statute over one that defeats statutory purpose. *Id.* Applying these rules here, it follows that the exemption in § 766.61(5) applies.

The fact that Louis, Sr., continued to maintain the policy after Louis, Jr., reached the age of majority does not alter § 766.61(5)'s application, as there is no provision in the statute that the proceeds of a life insurance policy become marital property if the conditions under which an individual is required to maintain the policy are satisfied. The fact that Louis, Sr., never changed the beneficiary designation to Jennifer or his other children, though he was legally free to do so, suggests that he intended to continue the policy for the benefit of his children from his first marriage, and Jennifer offers no evidence suggesting otherwise. In fact, there is no evidence that

Jennifer objected to using marital property to continue making premium payments without changing the beneficiary designations. In any event, because the beneficiary interests of Louis, Jr., and Gena were acquired under the divorce decree, the proceeds of the policy are not marital property, regardless of whether Louis, Sr., used marital property to pay premiums on the policy. Louis, Jr., and Gena are therefore entitled to the benefits deposited with the court.

## CONCLUSION

For these reasons, Gena Fisco and Louis Munao, Jr.'s motion for declaratory judgment (Dkt. No. 21) is **GRANTED** and Jennifer Graham Munao's request for declaratory judgment is **DENIED**. The Clerk is directed to enter judgment declaring that Gena M. Fisco and Louis Andrew Munao, Jr., are the beneficiaries of the Genworth policy and each is entitled to fifty percent (50%) of the proceeds payable thereunder, together with interest. Thirty days from the date of judgment if no notice of appeal is filed by that time, or earlier upon a statement by Jennifer Graham Munao that she does not intend to appeal, the Clerk is directed to pay to Gena Fisco and Louis Munao, Jr., the proceeds previously deposited with the court together with accrued interest. In the event of an appeal, the Clerk shall withhold payment until further order of the court.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court